UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                              :

LEON ALEXANDER GADSEN,                    :

                            Plaintiff,         :

                    - against -              :     **MEMORANDUM**
                                              :     **DECISION AND ORDER**

NEW YORK CITY SCHOOL SUPPORT       :
SERVICES, NEW YORK CITY BOARD OF     :     18-cv-4417 (BMC)
EDUCATION, INTERNATIONAL UNION OF    :
OPERATING ENGINEERS, LOCAL 94,       :
KUBA BROWN (INDIVIDUALLY),         :
ANDREW SAMBERG (INDIVIDUALLY),     :
                                              :

                            Defendant(s).      :
------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff *pro se* commenced this action in state court seeking damages against his union and former public employer for, among other things, breach of contract for the termination of his employment and his union's failure to adequately represent him in the grievance proceeding that resulted in his termination. Defendants removed the case based on complete preemption under Labor Management Relations Act § 301 and have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff requested, and the Court granted, an extension of time for him to obtain counsel or respond to the motions, but plaintiff has not submitted an opposition. Nevertheless, in light of his *pro se* status, the Court has considered the strongest arguments that could be made on his behalf. For the reasons set forth below, the motions are granted.

**BACKGROUND**

Plaintiff was hired as an engineer by defendant NYC School Support Services, Inc. ("NYCSSS"), a New York not-for-profit corporation which provides mechanical and maintenance services to public school buildings in New York under contract with defendant the New York City Department of Education ("DOE").  Defendant International Union of Operating Engineers, Local 94, has a collective bargaining agreement with NYSSS, and plaintiff is or was a member of Local 94.  Defendant Kuba Brown is Local 94's Union Business Manager. Defendant Andrew Samberg is the school custodian; the submissions are not clear whether he is employed by NYCSSS or the DOE, and he has not appeared in the action.

Plaintiff alleges that he was "repeated[ly] harassed by the school custodian, Andrew Samburg[,] with verbal assaults, abusive speech and threats, all the while not supplying the required equipment and supplies to complete the assigned work duties."  However, the complaint does not allege the content of the abusive speech and threats.

The complaint further alleges that at an unspecified time, Samberg advised plaintiff that to retain his employment, he would have to obtain specialized licenses.  These licenses, according to plaintiff, were not required for Caucasian employees with lesser job experience. Nevertheless, plaintiff obtained the licenses.  Despite having obtained the licenses, plaintiff was terminated for not having them, even though Caucasian employees without the licenses were not terminated.  Plaintiff was required to attend a grievance hearing on January 9, 2017, despite lack of "proper notice or adequate representation," which resulted in a decision to terminate his employment on January 20, 2017.

The complaint contains four causes of action, without specifying which defendants correspond to which causes of action.  The first cause of action, entitled "Fraudulent

Misrepresentation," alleges that Samberg originally advised plaintiff that plaintiff would have six months to obtain the required licenses, but then he was given only one month to qualify. The second cause of action, entitled "Discrimination and Unlawful Termination" under New York Executive Law § 296, alleges that at what plaintiff thought was going to be a meeting to discuss "minor work differences," plaintiff's union representative, Jack Redden, failed to adequately represent him, which resulted in his termination. The third cause of action, entitled "Unlawful Breach of Employment Agreement" under "New York Labor Law," repeats the allegations of the second cause of action. The fourth cause of action, entitled "Violation of Weingarten Rights" under N.L.R.B. v. J. Weingarten, Inc., 420 U.S. 251 (1975) and New York Labor Law § 740, alleges that Local 94 "failed to represent him" at the hearing that resulted in his termination.[1]

The motion to dismiss of Local 94 and Brown (referred to below together as "Local 94," unless stated otherwise), like their notice of removal, relies on complete preemption to construe plaintiff's complaint. They point out that since the various causes of action allege a breach of the duty of fair representation on the part of Local 94 and its representative, and a breach of plaintiff's employment agreement by NYCSSS, the complaint must be viewed as containing a "hybrid claim" against the union and employer under LMRA § 301. Local 94 seeks dismissal of that inferred claim because: (1) it is barred by the six-month statute of limitations for hybrid claims; (2) its Business Manager, Brown, is immune from suit under LMRA § 301 as an individual employee of Local 94, and, in any event, the complaint contains no allegations against him.

NYCSSS and the DOE seek dismissal on several grounds. First, DOE argues that all state law claims against it must be dismissed because plaintiff failed to file a Notice of Claim as

---

[1] Other than in the caption, the complaint contains no further reference to defendant Kuba Brown except to allege that he resides in New York.

required by N.Y. Education Law §§ 3813(1), (2-a), and (2-b). Second, relying on the DOE's motion against the hybrid claim, NYCSSS argues that recovery against Local 94 for breach of its duty of fair representation is a prerequisite to recovery against NYCSSS for breach of contract, and since plaintiff's claim breach of duty claim against Local 94 is time-barred, the hybrid claim against NYCSSS fails as well. Third, NYCSSS contends that plaintiff has failed to state a claim for employment discrimination, hostile work environment, or retaliation under Executive Law § 296.

## DISCUSSION

Local 94 is correct that the complaint must be construed as containing a hybrid claim for breach of the duty of fair representation against the union and breach of the employment agreement against the employer, even if there are other claims that might exist independently of that claim. Where an employee sues for wrongful termination under an employment agreement and a union's breach of its duty of fair representation, the claim is deemed to arise exclusively under federal law, namely, LMRA § 301. See Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220-21 (1985); see also DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163-64 (1983) (citing Republic Steel Corp. v. Maddox, 379 U.S. 650 (1965); Smith v. Evening News Assn., 371 U.S. 195 (1962)).

Local 94 is also correct that there is a six-month statute of limitations applicable to a hybrid claim. See White v. White Rose Food, a Division of DiGiorgio Corp., 128 F.3d 110, 114 (2d Cir. 1997). The time begins to run from when the plaintiff knew or should have known that his union had breached its duty. Id. Here, plaintiff claims that the breach occurred at the grievance hearing on January 9, 2017, and, of course, he knew – he was there. This action was commenced more than fifteen months later. It is therefore time-barred, and to the extent the

complaint alleges a breach of Local 94's duty to fairly represent him or a breach of contract by

reason of his termination, those claims are dismissed. The corresponding claim against Brown is

dismissed because union members cannot be held individually liable for a union's breach of the

duty of fair representation. See Morris v. Local 819, Int'l Brd. of Teamsters, 169 F.3d 782, 784

(2d Cir. 1999).

Because the hybrid claim is the only claim upon which federal jurisdiction rests, the

Court has to consider whether to exercise supplemental jurisdiction over plaintiff's remaining

state law claims, namely, his employment discrimination claims against NYCSSS, the DOE, and

Samberg under N.Y. Executive Law § 296 and (construing his complaint liberally) his fraudulent

concealment claim against Samberg. Since plaintiff's federal claims have been dismissed at an

early stage of this litigation, the Court declines to exercise supplemental jurisdiction over the

state law claims. See Brzak v. United Nations, 597 F.3d 107, 114 (2d Cir. 2010); see also

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all

federal-law claims are eliminated before trial, the balance of factors to be considered under the

pendent [now "supplemental"] jurisdiction doctrine – judicial economy, convenience, fairness,

and comity – will point toward declining to exercise jurisdiction over the remaining state-law

claims.").

None of these factors counsel in favor of retaining plaintiff's state-law claims. Plaintiff

never wanted to be in this forum, having brought his case in state court. There is neither judicial

economy nor fairness to be gained by having this Court rather than the state court hear the case.

To the contrary, because NYCSSS and the DOE have challenged the adequacy of plaintiff's

pleading, it is the state court, applying the New York Civil Practice Law and Rules, rather than

this Court, applying the Federal Rules of Civil Procedure, that should determine the adequacy of the complaint.

## CONCLUSION

Local 49's [9] motion to dismiss is granted, and the [12] motion of NYCSS and the DOE is granted in part. All claims against Local 49 and Brown are dismissed, as are any claims for breach of plaintiff's employment agreement against NYCSSS and the DOE. The remaining claims against NYSCSS, the DOE, and Samberg are remanded to the Supreme Court, Queens County, as this Court declines to exercise supplemental jurisdiction over those claims.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      October 22, 2018